1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

12

13

14

15

16

17

| | |
|---|---|
| ANDREW LEE McCLINTON, | ) 1:09-CV-01182 GSA HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING PETITION FOR WRIT |
| | ) OF HABEAS CORPUS |
| v. | ) |
| | ) ORDER DIRECTING CLERK OF COURT TO |
| | ) ENTER JUDGMENT AND TERMINATE |
| HECTOR RIOS, | ) CASE |
| | ) |
| Respondent. | ) ORDER DECLINING ISSUANCE OF |
| | ) CERTIFICATE OF APPEALABILITY |
| | ) |

18

19

20

21

        Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction.

22

23

24

25

26

27

28

        Petitioner filed the federal petition for writ of habeas corpus on July 8, 2009. He then filed a first amended petition on July 27, 2009. He challenges his October 7, 1997, conviction by jury trial in the United States District Court for the Northern District of Texas of three counts of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) and three counts of use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). He is currently incarcerated at the United States Penitentiary located in Atwater, California.

cd

1

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact and admits bringing this petition as a § 2241 petition instead of a § 2255.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255

1    inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal

2    treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th

3    Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  In Ivy, the Ninth Circuit held that

4    § 2241 relief is available pursuant to the "escape hatch" in § 2255 if the petitioner claims to be:

5    (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an

6    "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*,

7    Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is

8    on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States,

9    315 F.2d 76, 83 (9th Cir. 1963).

10          In the instant case, Petitioner does not demonstrate that he is factually innocent of the

11   crime of which he was convicted. He does not assert that the trial court convicted him of conduct

12   that the law does not make criminal in light of a Supreme Court decision handed down after his

13   direct appeal or first collateral attack on his conviction. See Bousley v. United States, 523 U.S.

14   620 (1998). In addition, he has not shown that he has never had an unobstructed procedural

15   opportunity to present his claims. Whether or not Petitioner has already sought relief for his

16   claims in the federal courts, it is clear the basis for relief was readily available at any time during

17   and after trial, and it is equally clear that Petitioner has had numerous opportunities to seek relief.

18   The Court further notes that one of Petitioner's avenues for relief was a § 2255 motion that was

19   denied as untimely under the statute of limitations. The obstruction to this filing was entirely

20   Petitioner's fault. As stated by the Seventh Circuit in Morales v. Bezy, 499 F.3d 668, 672 (7th

21   Cir.2007), "a prisoner cannot be permitted to lever his way into section 2241 by *making* his

22   section 2255 remedy inadequate." See also Taylor v. Gilkey, 314 F.3d 832, 835-36 (7th Cir.2002);

23   Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002) (per curiam); United

24   States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir.2000) (§ 2255's remedy is not inadequate or

25   ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations ...

26   to expire"); Garza v. Lappin, 253 F.3d 918, 920-21 (7th Cir.2001); Charles v. Chandler, 180 F.3d

27   753, 757-58 (6th Cir.1999) (per curiam).

28          Petitioner has not demonstrated actual innocence, and he has not shown he has been

cd                                                    3

1   denied "an unobstructed procedural shot" at presenting his claims. Ivy, 328 F.3d at 1061.  For

2   these reasons, § 2255 is not an inadequate or ineffective remedy such that Petitioner may now

3   proceed by way of § 2241.  Id.

**CERTIFICATE OF APPEALABILITY**

5        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

6   district court's denial of his petition, and an appeal is only allowed in certain circumstances.

7   Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining

8   whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

9        (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
         district judge, the final order shall be subject to review, on appeal, by the court
10       of appeals for the circuit in which the proceeding is held.

11       (b) There shall be no right of appeal from a final order in a proceeding to test the
         validity of a warrant to remove to another district or place for commitment or trial
12       a person charged with a criminal offense against the United States, or to test the
         validity of such person's detention pending removal proceedings.
13
         (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
14               appeal may not be taken to the court of appeals from–

15               (A) the final order in a habeas corpus proceeding in which the
                 detention complained of arises out of process issued by a State
16               court; or

17               (B) the final order in a proceeding under section 2255.

18       (2) A certificate of appealability may issue under paragraph (1) only if the
         applicant has made a substantial showing of the denial of a constitutional right.
19
         (3) The certificate of appealability under paragraph (1) shall indicate which
20       specific issue or issues satisfy the showing required by paragraph (2).

21       If a court denies a petitioner's petition, the court may only issue a certificate of

22   appealability "if jurists of reason could disagree with the district court's resolution of his

23   constitutional claims or that jurists could conclude the issues presented are adequate to deserve

24   encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S.

25   473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must

26   demonstrate "something more than the absence of frivolity or the existence of mere good faith on

27   his . . . part." Miller-El, 123 S.Ct. at 1040.

28       In the present case, the Court finds that reasonable jurists would not find the Court's

cd                                          4

1  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

2  deserving of encouragement to proceed further.  Petitioner has not made the required substantial

3  showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to

4  issue a certificate of appealability.

**ORDER**

6     Accordingly, IT IS HEREBY ORDERED:

7     1) The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction;

8     2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

9     3) The Court DECLINES to issue a certificate of appealability.

11     IT IS SO ORDERED.

12     **Dated:    August 4, 2009                    /s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

cd