UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW LEE McCLINTON, | ) | 1:09-CV-01182 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | [Doc. #9] |
| | ) | |
| HECTOR RIOS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has consented to the jurisdiction of the Magistrate Judge.

    On August 5, 2009, the undersigned issued an order dismissing the petition for lack of jurisdiction. The Court determined that the petition attacked Petitioner's underlying federal conviction. The Court advised Petitioner that his avenue for challenging his federal conviction is a motion pursuant to 28 U.S.C. § 2255, and petitions filed pursuant to § 2241 are available to federal prisoners seeking to challenge the manner, location or conditions of the execution of the sentence. In rare cases, federal prisoners may bring petitions under § 2241 by way of the savings clause provided the petitioner can demonstrate the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). In this case, the undersigned determined that Petitioner had failed to demonstrate his remedy to be

inadequate or ineffective.

On August 21, 2009, Petitioner filed a motion for reconsideration. Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner fails to meet this standard. He does not set forth any arguments or evidence that have not already been considered by this Court. He argues that his previous § 2255 motion before the sentencing court was denied, and the appellate court denied his application to file a second or subsequent application. Nevertheless, a court's denial of a prior § 2255 motion is insufficient to render the § 2255 remedy inadequate. Aronson v. May, 85 S.Ct. 3, 5 (1964); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as discussed in the Court's order dismissing the petition, it is clear Petitioner had multiple opportunities to seek relief for his claims.

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **August 26, 2009**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE